# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:07-cr-00186-RJC-LRL-1 |
| vs. | **ORDER** |
| LUIS FERMIN HERRERA, SR., | |
| Defendant. | |

Now pending before the Court is a motion to correct a sentence under 28 U.S.C. § 2255. (ECF Nos. 22, 25, 28.) For the reasons given herein, the motion is denied.

## I. FACTS AND PROCEDURAL BACKGROUND

In June 2008, after having pled guilty to one count of bank robbery under 18 U.S.C. § 2113(a), Luis Herrera was sentenced to 87 months in federal custody to be followed by three years of supervised release. (J., ECF No. 21.) In November 2008, Mr. Herrera was convicted in Nevada state court on counts one, two, and four of a four-count indictment. (State Court Minutes, ECF No. 22 at 2–3.) On count one, for burglary, Mr. Herrera received a sentence of 48 to 120 months; on count two, for robbery with use of a deadly weapon, he received a sentence of 72 to 180 months; and as to count four, for attempted murder with use of a deadly weapon, he received a sentence of 120 months to life. Adjudication was stayed with respect to the remaining count. The state court specified that the sentence for count four was "to run CONCURRENT

with counts 1, 2, and FEDERAL CASE," presumably making reference to the above-captioned case in which Mr. Herrera pled guilty to bank robbery.

Mr. Herrera is currently in custody of the Nevada Department of Corrections, serving his state sentence(s). Upon denial of parole in April 2017, the Board of Parole Commissioners made the following determination, considering it a mitigating factor applicable to Mr. Herrera's case (i.e., a factor weighing in favor of granting parole): "Pending CS sentence or detainer lodged by other jurisdiction: Has U.S. Marshall HOLD." (Order Denying Parole 2, ECF No. 22 at 5.) Perhaps prompted by the parole board's note regarding his U.S. Marshall hold, Mr. Herrera filed the instant motion under 28 U.S.C. § 2255, asking the Court now to modify his federal sentence that it may run concurrently with his state sentence. He has also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel. (ECF Nos. 24, 27.)

## II. LEGAL STANDARDS

A prisoner in custody under a federal sentence may move the sentencing court to vacate, correct, or set aside a sentence that was imposed in violation of the Constitution or laws of the United States, was imposed by a court without proper jurisdiction, was in excess of the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner must bring such a motion within one year of the latest of: (1) the final judgment of conviction; (2) the removal of any impediment to bringing the petition caused by unconstitutional government action; (3) the date on which the Supreme Court first recognizes the right asserted, if the Supreme Court has made the right retroactively applicable to collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

///

///

## III. DISCUSSION

### a. Section 2255 Motion

This motion is denied, first because the Court is bound by the statutory time limits applicable to its filing. Mr. Herrera's final judgment of conviction was entered on June 23, 2008, well over one year before Mr. Herrera filed his motion. (ECF No. 21.) Mr. Herrera also has not identified any impediment that prevented him from bringing his motion sooner, nor any relevant right newly recognized by the Supreme Court. Lastly, Mr. Herrera has not alleged when he discovered the facts upon which his claim is based. However, the Court finds that a defendant exercising due diligence would have known all the pertinent facts long ago. Mr. Herrera's only argument for relief is that this Court did not state whether his federal sentence would run concurrently with or consecutively to any anticipated state sentence, and the state court later indicated his state sentence would run concurrently with the prior federal sentence. On this basis alone, Mr. Herrera asserts that his federal sentence should be modified to conform to the state court's decision regarding concurrent sentences. Mr. Herrera would have known the details of both sentences, including whether and how they were to run concurrently with one another, at the time the sentences were pronounced; thus, no later than November 2008. Accordingly, Mr. Herrera's motion is untimely, and may not be entertained by the Court.

Furthermore, the motion fails on its merits. The state court's pronouncement that Mr. Herrera's state sentences are to run concurrently with his federal sentence is not proper grounds for disturbing the federal sentence. Ultimately, "the state court has no control over the federal sentence." *Eccleston v. United States*, 648 F. App'x 606, 607 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 676, 196 L. Ed. 2d 560 (2017) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1151–52 (9th Cir. 2002)). Pursuant to federal statute, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C.A. §

3584(a). Here, Mr. Herrera's federal sentence was silent with respect to whether it would run concurrently with any future state sentence; therefore, the statutory default would dictate that the federal sentence should be treated as consecutive to the state sentences, which were imposed at a different time. *See Setser v. United States*, 566 U.S. 231, 238 n.3 (2012).

At most, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." *Taylor*, 284 F.3d at 1150 (quoting *Del Guzzi v. United States*, 980 F.2d 1269, 1272–73 (9th Cir. 1992)). The Ninth Circuit has endorsed Bureau of Prisons policies which permit the BOP, in its discretion, to designate a state institution for concurrent service of a federal sentence, "if a 'state jurisdiction' makes a 'request' that state and federal sentences be treated as concurrent terms of imprisonment." *Id.* at 1149. However, in the event of such a request or recommendation, the BOP remains "free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody." *Id.* at 1150 (quoting *Del Guzzi*, 980 F.2d at 1272–73). In sum, the possibility that Mr. Herrera's federal sentence will be treated as consecutive despite the state court's decision to make his state sentences concurrent does not, of itself, suggest that his federal sentence was unconstitutional, illegal, excessive, or otherwise subject to collateral attack.

### b. Motions for IFP Status and Appointment of Counsel

Mr. Herrera has requested leave to proceed *in forma pauperis*, asserting he is unable to pay the fees associated with his motion and unable to afford counsel. The Court will deny these requests. First, the District of Nevada does not require a filing fee for section 2255 motions. *See* D. Nev. Form 28.225 Instructions ¶ 7, *available at* https://www.nvd.uscourts.gov/Forms.aspx. Furthermore, a motion under section 2255 is civil in nature, and there is no constitutional right to counsel in such collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987);

*Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (stating that "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Of course, "a court may appoint counsel for a § 2255 petitioner if the interests of justice so require." *United States v. Washington*, 782 F. Supp. 2d 1, 2–3 (D.D.C. 2011) (citing 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As shown above, the single argument presented in Mr. Herrera's motion is not factually or legally complex, and clearly does not entitle him to the relief he seeks. Therefore, the Court finds this is not "the rare section 2255 case in which the appointment of counsel is warranted." *United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993); *see also United States v. Williams*, 124 F.3d 214 (9th Cir. 1997) (affirming district court's denial of appointed counsel on the basis that petitioner's claims were not complex and not likely to be successful); *Fernandez-Malave v. United States*, 502 F. Supp. 2d 234, 241 (D.P.R. 2007) (stating that appointment of counsel on section 2255 motions is "very rare," and "typically reserved for truly complex and legally subtle cases").

## CONCLUSION

IT IS HEREBY ORDERED that the motions (ECF Nos. 22, 24, 25, 27, 28) are DENIED.

IT IS SO ORDERED. This 22nd day of May, 2018.

_____
ROBERT C. JONES
United States District Judge