UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 2:07-cr-00186-RCJ-LRL |
| LUIS FERMIN HERRERA, | ) ) ) | **ORDER** |
| Defendant. | ) ) ) ) | |

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) premised upon his fear of contracting COVID-19 in conjunction with his obesity and hypertension as well as upon his desire to assist his wife in the care of his adult daughter, who suffers from schizophrenia and bipolar disorder. (ECF No. 47.)[1] The Government opposes this motion. (ECF No. 49.)

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment based upon "extraordinary and compelling reasons" if such a reduction is

---

[1] Defendant initially filed this motion pro se, which appears in the docket twice. (ECF Nos. 40, 41.) The Parties also filed the PSR and medical records under seal. (ECF Nos. 48, 50, 51.) The Court will consider these exhibits under seal.

consistent with the factors set forth in 18 U.S.C. § 3553(a) and the defendant "is not a not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." § 3582(c)(1)(A).

Currently, Defendant is fully vaccinated against COVID-19. The Court agrees with the vast majority of courts in holding that this mitigates the dangers of COVID-19, such that one's risk of contracting the illness will not present an extraordinary and compelling reason for compassionate release. *See, e.g.*, *United States v. Rodriguez,* 2021 WL 1187149, at *1-2 (D. Minn. Mar. 30, 2021).

Similarly, the Court finds that Defendant's other purported basis, wanting to care for his mentally ill daughter, is also not a compelling justification for release. Defendant fails to cite to a case in support of his argument that a needing to care for a mentally ill family member may constitute an extraordinary and compelling reason. The Court finds persuasive the prior Sentencing Commission policy statement, U.S.S.G. § 1B1.13. While this policy statement has not been updated since the issuance of the First Step Act and the Ninth Circuit has ruled that it is no longer binding, *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), it is still persuasive. This policy statement states in part that a compelling reason may be found in the case of "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13. As Defendant's daughter is an adult and may be cared for by Defendant's wife, the Court does not find this situation to be extraordinary and compelling. As such, the Court finds that Defendant has failed to present extraordinary and compelling reason justifying relief and denies the motion.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion for Compassionate Release (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that Motion for Compassionate Release (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that Motion for Compassionate Release (ECF No. 47) is DENIED.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 48) is GRANTED.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 50) is GRANTED.

IT IS SO ORDERED.

Dated March 2, 2022.

_____
ROBERT C. JONES
United States District Judge